```
                  UNITED STATES  DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

FERDINAND MAESTRI                                CIVIL ACTION

versus                                           NO. 06-4239

LAFAYETTE INSURANCE COMPANY,                     SECTION: E/3
OXFORD INSURANCE AGENCY, INC.,
and ABC INSURANCE COMPANY

## ORDER AND REASONS

Plaintiff, Ferdinand Maestri ("Maestri") filed a motion to remand this case to the Civil District Court for the Parish of Orleans, and for related attorney fees and costs. Record document #4.  Defendants (collectively "Lafayette") oppose the motion.

## FACTS AND PROCEDURAL BACKGROUND

Maestri's home in New Orleans was destroyed by "a combination of events including wind, rain, wind-driven rain and flooding," in other words, by Hurricane Katrina and its aftermath.  Complaint, ¶ 12.  Maestri carried a homeowner's insurance policy issued by Lafayette purchased based on the recommendation and expertise of Oxford Insurance Agency, Inc., ("Oxford").  Id., ¶¶ 3, 8.  He made a claim on his insurance policy withing 30 days of his loss.  Id., ¶ 11.  After significant delays, Lafayette denied coverage based on its conclusion that the damage was caused, at least in part, by flooding.  Id., ¶¶ 12, 13 and 16.  Maestri filed suit in state

court against Lafayette pursuant to La.R.S. 22:658 and 22:1220 of the State Insurance Code, alleging that Lafayette's actions were arbitrary, capricious and in bad faith, and against Oxford alleging negligence and breach of fiduciary duty.  Id., ¶¶ 17-30. Both Lafayette and Oxford are Louisiana corporations.

Lafayette removed to the district court, based on 28 U.S.C. § 1441(e)(1)(B), a companion statute to 28 U.S.C. § 1369 (Multiparty, Multiforum Trial Jurisdiction Act or "MMTJA")[1]. R.d. #1.

## ANALYSIS

Statutes conferring removal jurisdiction are strictly construed in favor of remand.  Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  The burden in on the removing party to show that federal jurisdiction exists

---

[1] The MMTJA provides for original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location".  28 U.S.C. 1369(a).  The companion removal statute provides for the removal of a civil action by a defendant in a state court action if:
> the defendant is a party to an action which is or could have been brought in whole or in part under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

28 U.S.C. 1441(e)(1)(B).

and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts supporting removal are examined at the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000).

Lafayette claims that removal is proper pursuant to the MMTJA because it is a defendant in the following proceedings that were or could have been brought pursuant to § 1369: Berthelot et al. v. Boh Bros. Const. Co., LLC, et al., EDLA No. 05-4182 (Sec. "K"); Randall v. Allstate Indemnity Co., EDLA No. 06-1053 (Sec. "R"); and Caruso et al. v. Allstate Ins. Co. et al., EDLA No. 06-2613 (Sec. "R"). However, it does not suggest that this case be consolidated with any of the referenced cases.

Maestri argues that this case should be remanded because in this district, courts have "consistently" held that Hurricane Katrina does not fall withing the definition of an "accident" as defined by 28 U.S.C. 1369. In its opposition, Lafayette argues that it is also a defendant in Chehardy et al. v. State Farm et al., No. 06-1672, in which Judge Polozola of the Middle District of Louisiana held there was federal subject matter jurisdiction under 28 U.S.C. 1369, which should be extended to cover this case. This Court need not address these arguments regarding supplemental jurisdiction 28 U.S.C. 1441(e)(1)(B) and 28 U.S.C.

1369 because the jurisdictional facts at the time of removal do not support federal subject matter jurisdiction[2].

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  Kokkonen v. Guardian Life Insurance Company of America, 114 S.Ct. 1673, 1675 (1994) (citations omitted);  Peoples National Bank v. Office of the Comptroller of the Currency of the United States, 362 F.3d 333, 336 (5th Cir. 2004), *citing* Hashemite Kingdom of Jordan v. Layale Enterp., S.A., 272 F.3d 264, 269 (5th Cir. 2001); Acosta v. Bleich, 2004 WL 1057570 *1, (E.D.La.) Vance, J., *citing* Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).  Federal subject matter jurisdiction extends to actions that involve a federal question, diversity of parties, admiralty actions, suits between states, suits against foreign states or ambassadors, and

---

[2] See Willhoft et al. v. Kert LeBlanc Ins. Agency et al., C.A. No. 06-1235 (Sec. "S" July 5, 2006)(finding no subject matter jurisdiction under the National Flood Insurance Act or supplemental jurisdiction under 28 U.S.C. 1441(e)(1)(B) and 28 U.S.C. 1369 because there are "not many plaintiffs and many defendants); Hillery et al. v. State Farm and Casualty Co., C.A. No. 06-2909 (Sec. "J" July 26, 2006)(damages insufficient to meet minimum jurisdictional amount for diversity jurisdiction and no supplemental jurisdiction under 28 U.S.C. 1441(e)(1)(B) and 28 U.S.C. 1369); Southall et al. v. St. Paul Travelers Ins. Co. et al., C.A. No. 06-3848 (Sec. "S" August 16, 2006)(damages insufficient to meet minimum jurisdictional amount for diversity jurisdiction and no supplemental jurisdiction under 28 U.S.C. 1441(e)(1)(B) and 28 U.S.C. 1369); Flint et al. v. Louisiana Farm Bureau Mutual Ins. Co., C.A. No. 06-2546 (Sec. "K"), 2006 WL 2375593 (E.D. La. Aug. 15, 2006)(no supplemental jurisdiction under 28 U.S.C. 1441(e)(1)(B) and 28 U.S.C. 1369).

bankruptcy proceedings.  Acosta, at id., *citing* 28 U.S.C. §§ 1330-1334; *see also* UNITED STATES CONSTITUTION, ART. III, SEC. 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, ... –between citizens of different States; ....")  There is a presumption against federal subject matter jurisdiction that must be rebutted by the party asserting that jurisdiction.  Kokkonen, 114 S.Ct. at 1675;  Peoples National Bank, 362 F.3d at 336; Acosta, at *1.

In Wallace v. Louisiana Citizens Property Ins. Corp. et al., 444 F.3d 697, 702 (5th Cir. 2006), considering the jurisdictional relationship of 28 U.S.C. 1441(e)(1)(B) and 28 U.S.C. 1369, the Fifth Circuit looked at a House Report that "explained the logic of the proposed legislation":

> Current efforts to consolidate all state and federal cases related to a common disaster are incomplete because current federal statutes restrict the ways in which consolidation can occur - apparently without an intention to limit consolidation. For example, plaintiffs who reside in the same state as any one of the defendants cannot file their cases in federal court *because of lack of complete diversity of citizenship*, even if all parties to the lawsuit want the case consolidated.  For those cases that cannot be brought into the federal system, no legal mechanism exists by which they can be consolidated, as state courts cannot transfer cases across state lines.  In sum, full

>    consolidation cannot occur in the absence of federal legislative redress.

Id., *quoting* H.R.Rep. No 106-276, at 7 (1999)(emphasis added).

In State Farm Fire and Casualty Co. v. Tashire, 87 S.Ct. 1199 (1967), the Supreme Court had occasion to consider the question of whether a statute purporting to extend the diversity jurisdiction of the federal courts to matters having only "minimal diversity", in that case, 28 U.S.C. 1335, the interpleader statute, "is consistent with Article III of our Constitution."  It reasoned as follows:

>    In Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806), this Court held that the diversity of citizenship statute required "complete diversity":  where co-citizens appeared on both sides of a dispute, jurisdiction was lost.  But Chief Justice Marshall there purported to construe only "The words of the act of congress," not the Constitution itself.  And in a variety of contexts this Court and the lower courts have concluded that Article III poses no obstacle to the legislative extension of federal jurisdiction, founded on diversity, *so long as any two diverse parties are not co-citizens*.

Id. at 1203-04 (emphasis supplied.)  In this case, there are no diverse parties.

Considering the jurisdictional facts at the time of removal, the Court concludes that federal subject matter jurisdiction does not extend to this case and removal was improper.  This is not a

-6-

class action with multiple plaintiffs and defendants.  It is a suit by one plaintiff against two non-diverse defendants grounded solely on claims arising under state law.  The "jurisdictional" statues at issue here, 28 U.S.C. 1441(e)(1)(B) and 28 U.S.C. 1369, cannot be so stretched as to sweep into federal jurisdiction any cause of action against any defendant by any plaintiff that has some connection with Hurricane Katrina.

Accordingly,

**IT IS ORDERED** that Maestri's motion to remand is **GRANTED**, and the captioned matter, C.A. 06-4239, is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, with an award of attorney's fees and costs.

New Orleans, Louisiana, October  16th , 2006.

*Marcel Livaudais*
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge